YELVERTON, Judge.
This is an appeal from a summary judgment finding that no damages occurred and dismissing the defendant law firm and its professional liability insurer, Old Republic Insurance Company, in a legal malpractice suit. The trial judge also maintained an exception of no cause of action. We affirm in part and reverse in part, and remand.
Alexis Mahfouz is the plaintiff in the present legal malpractice suit. The professional defendant is the law firm Voorhies & Labbe of Lafayette, Louisiana. The malpractice suit grew out of another lawsuit in which Mahfouz was the defendant, and the law firm represented him.
That case was a suit on a promissory note. That suit was brought by Edmond Dupre to collect on a $25,000 note payable to him by Mahfouz. Dupre sued on September 22, 1985, for the balance due on the note. Mahfouz hired the law firm of Voor-hies & Labbe to defend him. In November 1985 Dupre moved for a summary judgment in that case. Counsel for Mahfouz did not oppose the motion, and so it was granted. The trial court signed a judgment, dated December 18, 1985, in favor of Dupre and against Mahfouz for $17,617.18. This judgment was recorded in the Lafayette Parish mortgage records on December 23, 1985. About two months later this judgment was paid by Voorhies & Labbe and on February 20, 1986, the recordation of the judgment in the mortgage records was cancelled.
Several months later Mahfouz filed the present legal malpractice lawsuit against Voorhies & Labbe, and Old Republic. The alleged legal malpractice was the negligent failure to oppose the motion for summary judgment, which negligence allegedly resulted not only in the rendition of a money judgment against Mahfouz for which he claimed he had a defense, but also in the recordation of a judgment against him in the mortgage records. He claimed to have been damaged by both the existence of the judgment and its recordation in the mortgage records.
To the legal malpractice claim the defendants filed a pleading designated as an Exception of No Cause of Action and/or Motion for Summary Judgment. Mahfouz entered a formal objection to this pleading, attaching exhibits. At the hearing of these matters all parties in the case relied on the same exhibits (insofar as the motion for summary judgment aspect of the hearing was concerned), i.e., the pleadings, pertinent exhibits from the Dupre-Mahfouz litigation, and a deposition given by Mahfouz. The trial judge, without giving reasons, maintained the exception of no cause of action and granted the motion for summary judgment, dismissing the legal malpractice suit.
On this appeal, Mahfouz claims that he has damages based on legal malpractice, and that the trial court erred in saying he had no cause of action. He argues that the motion for summary judgment was improperly granted because there is a genuine issue of material fact as to whether he suffered damages because of the legal malpractice. The defendants in the malpractice suit, on the other hand, claim that Mahfouz admitted in his deposition that he *138 owed the balance due on the promissory note to Dupre, and that his “defense” to the suit on the note was merely a handshake deal with Dupre that Dupre would give him more time to pay it, and that the payment of the judgment by Voorhies and Labbe wiped out any possible damage that Mahfouz could have sustained as a result of the judgment taken against him. In his deposition Mahfouz mentioned that his “defense” was the delay promised by Dupre.
Since the trial judge found that the petition stated no cause of action, and at the same time granted a summary judgment, but gave no reasons for judgment, we do not know exactly what analysis the trial judge applied to the case. We are assuming that the trial judge found that Mahfouz stated a cause of action of legal malpractice, but that he should be summarily dismissed for his inability to prove any damages, partly because the payment of the judgment by his attorneys wiped out that portion of his damages, and for the rest of his damage claim, which the trial court may have believed was a negligent interference with business relations claim, the law recognizes no cause of action.
Assuming that the motion for summary judgment was addressed to the claim for damages based on the fact that a judgment was rendered against him, the argument of the appellees is that there is no genuine issue of fact regarding his damages, i.e., that the payment by Voorhies and Labbe of a debt that Mahfouz admittedly owed, more than compensates him for a judgment on that debt rendered prematurely as a result of legal malpractice. This argument is convincing. The judgment represented a debt Mahfouz admitted he owed. Had he successfully asserted his “défense” that Dupre promised him more time to pay, all he could have gained was more time to pay the admitted debt. When his attorneys stepped forward and paid the judgment in its entirety, Mahfouz could have suffered no damages from losing the additional time to pay. In fact, it appears to us that when the judgment was paid for him, he became financially far ahead of where he had been. To the extent that the rulings of the trial court can be interpreted as a definitive holding that Mahfouz is entitled to no additional damages based on the rendition of a judgment against him, we fully agree with the trial judge.
There is another claim asserted however, as to which plaintiff is entitled to his day in court. He prayed for damages resulting from the recordation of the judgment as a judicial mortgage. In his deposition he testified that this caused a bank to turn him down on a loan application for a business venture, and that he had to get the financing by another means at a considerable extra cost. What he claimed could be true. There is nothing in the summary judgment evidence to the contrary.
On this aspect of damages the defendants base their defense on a question of law. They argued at the trial court level, and continue to argue here, that the claim for damages as a result of the recordation of the judgment and its operation as a judicial mortgage is a cause of action for negligent interference with contractual relations, as to which Louisiana recognizes no cause of action, citing PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La. 1984). Defendants argue that because Mahfouz alleged that his business relations suffered as a result of the recording of the judgment, he has stated no cause of action for damages. This appears to be the basis for the trial court’s judgment finding no cause of action.
We find error in this ruling. Mahfouz’s claim for business losses as a result of the recording of the judgment was not for negligent interference with contractual relations. He is simply claiming the direct loss that he suffered as a result of the legal malpractice which caused the recording of the judgment. It is true that he said he tried to borrow some money and the bank turned him down, and he had to turn to a more costly alternative. But this is not a case of the bank suing the law firm for the bank’s damages caused by the law firm’s infliction of a tort on Mahfouz. This is a case of Mahfouz suing for his own damages suffered at the hands of the alleged tortfeasor, the legal practitioner.
*139 Although it may well turn out, after a trial on the merits, that all of the damages Mahfouz suffered in the case were fully compensated by the law firm’s payment of the $17,617.18 judgment, that is not a judgment which we, as an appellate court, can make on this record. The summary judgment evidence is inconclusive on the issue, and Mahfouz has stated a cause of action. We remand the case for a trial on the merits of the claim for damages caused by the recording of the judicial mortgage.
The dismissal is reversed and set aside and the case is remanded to the trial court for further proceedings. Appellees will pay the costs of this appeal.
REVERSED AND REMANDED.
DOMENGEAUX, C.J., concurs and assigns reasons.